UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN CHILDS,                                 Case No. 09-13108

         Plaintiff,                          David M. Lawson
vs.                                          United States District Judge

MOTOR CITY CASINO HOTEL,         Michael Hluchaniuk
                                                 United States Magistrate Judge
         Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO DISMISS (Dkt. 28)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed his complaint on August 6, 2009. (Dkt. 1). District Judge David M. Lawson referred this matter to the undersigned for all pretrial proceedings. (Dkt. 4). Defendant filed an answer to the complaint on December 15, 2009. (Dkt. 11). The Court held a scheduling conference, pursuant to notice, on December 22, 2009. (Dkt. 12). In the Case Management Order, the Court permitted plaintiff to file an amended complaint. (Dkt. 13). Plaintiff filed an amended complaint on December 31, 2009. (Dkt. 14). Subsequently, plaintiff contacted the Court seeking a telephone conference regarding his amended complaint, which was held, pursuant to notice, on February 4, 2010. (Dkt. 18). Plaintiff was then permitted to file a second amended complaint by February 16,

1

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

2010. Plaintiff filed his second amended complaint on February 19, 2010 and an "errata" to his second amended complaint on February 22, 2010. (Dkt. 22, 23). Defendant filed an answer to the amended complaint and the errata on March 5, 2010. (Dkt. 24).

Defendant filed a motion for judgment on the pleadings on May 20, 2010. (Dkt. 28). Plaintiff filed a response on June 14, 2010. (Dkt. 30). Defendant filed a reply on June 24, 2010. (Dkt. 31). On July 13, 2010, defendant filed a joint statement of resolved and unresolved issues, indicating that the parties had been unable to resolve any issues pertaining to the motion to dismiss. (Dkt. 32). On July 22, 2010, the Court held a hearing, pursuant to notice. (Dkt. 29). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for judgment on the pleadings and for summary judgment be **GRANTED**, that plaintiff's federal claims be **DISMISSED** with prejudice, and that plaintiff's state law claims be **DISMISSED** without prejudice.

## II.     FACTUAL BACKGROUND

With the permission of the Court, plaintiff filed his second amended complaint on February 19, 2010. (Dkt. 22). Plaintiff states that, in this action, he complains about "Title VII violation age discrimination…(and)… Title VII violation sex." *Id.* Plaintiff also attached a handwritten statement entitled

"Attachment" containing 3 numbered paragraphs. (Dkt. 22). Paragraph one of the "Attachment" contains general allegations that one of plaintiff's supervisors, Jim Krygowski, verbally abused him, which created a "hostile working environment & abusive working conditions." He also alleges in that paragraph that "further tangible employment action followed…." Plaintiff alleges in paragraph two of the "Attachment" that he was constructively discharged on August 6, 2008. In support of this allegation, plaintiff recounts his transfer from an undercover, plain-clothes assignment as a Security Officer to an "undesirable uniform assignment where the treatment was miserable, humiliating, harassing & intolerable." *Id*. He claims that another supervisor, Chenine McDowell, threatened to slap him and "verbally abused" him on August 9, 2008. Plaintiff alleges that in retaliation for that act, he was assigned to undesirable posts where he "was very closely surveillanced (sic) with limited ability to move." *Id*. He further alleges that he met with Josephine Avery, the Vice President of Human Resources for Motor City, to complain about the reassignment from being a plain-clothes officer to being a uniformed officer, as well as to advise Ms. Avery of a conversation he had had with William Cummings, the Director of Security. Plaintiff alleges that he told Mr. Cummings that he believed he had been reassigned because of his union activity as a bargaining committee member. Plaintiff, who was born in 1959, also claims in paragraph two of the "Attachment" that one of his supervisors, Jim Krygowski, said to plaintiff

3

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

"your (sic) late young man" when he arrived late for roll call. Plaintiff also complained to Ms. Avery that Mr. McDowell, one of his supervisors, stated that he would slap plaintiff, and, because he never apologized, plaintiff "took it as a threat." Plaintiff also alleges that he was "…verbally abused in a degrading way by the wardrobe manager Joyce in retaliation of me not allowing her employee Denise to leave with

stockings on 8-9-08 11 P.M. without the proper signature." *Id*. Plaintiff also alleges that he was "forced to resign by threat of termination by Josephine Avery on Sept 5 2008." *Id*. Paragraph three of the "Attachment" to the second amended Complaint purports to add a claim of common law defamation but does not allege any allegedly defamatory statement by any person. *Id*.

On February 22, 2010, plaintiff filed a document entitled "Errata Correction 2nd Amended Complaint." (Dkt. 23). On the form complaint portion of the "Errata Correction 2nd Amended Complaint," plaintiff alleges: "1. Violation of Title VII (Age Discrimination in Employment Act. 2.Violation of Title VII Gender Discrimination Constructive Discharge. 3. Violation of Title VII Age Discrimination in Employment Act Retaliation See Errata Correction see attachments filed 2-19-2010." In the hand-written statement, plaintiff entitles "Errata Correction", he alleges in pertinent part:

> "1.Violation of Title VII Age Discrimination in

4

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

employment act. (while seeking my employment on 8-9-08 manager Jim Krygowski made a remark in reference of my age while complaining I was late for roll call. See attachment

2. Violation of Title VII gender discrimination constructive discharge. On 9-5-08 while (sic) seeking to report continued harassment of managers/supervisor H & R Director/Vice President Josephine Avery constructively discharged my employment see attachment

3. Violation of Title VII age discrimination on 9-16-08 while employed supervisor/manager John Gradzinski & Chennie McDowell suspended me for 5 days for no/call no show in retaliation (sic) for reporting harassment treatment to H & R Director/Vice President on 8-9-08 See attachment On attachment 10 claim #2 of violation of Title VII gender discrimination against H & R Director/ Vice President My demand for $750,000 I forgot to add due to intentional tort and constructive discharge this should be added to my claim for charge #2. See attachment filed on 2-19-2010.

### III. ANALYSIS AND CONCLUSIONS

A. <u>Standards of Review</u>

1. Rule 12(b)(6)

The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b). *See e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards."). To survive a motion for judgment on the pleadings under Rule 12(c) or to dismiss under Rule 12(b)(6), a plaintiff must first comply

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

5

with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting,

6

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

*Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie*, *2.

In *Twombly*, the Court responded to the plaintiffs' contention that its analysis "r[uns] counter to" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). In *Swierkiewicz*, the question presented was "whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz*, 534 U.S. at 508. The Court answered that question in the negative, holding specifically that "an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*, quoting Fed.R.Civ.P. 8(a)(2). Based on that conclusion, the Court found that the appellate court had incorrectly dismissed the complaint at the pleading stage based on the plaintiff's failure to allege facts that he would have needed at the trial stage to support his claim, even though the complaint actually "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* at 514 (citation omitted). In *Twombly*, the Court noted

7

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

that "*Swierkiewicz* did not change the law of pleading, but simply reemphasized ... that the ... use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." *Twombly*, 550 U.S. at 570 (citation omitted). Further, in *Twombly*, the Court expressly denied adopting a standard that would "require heightened fact pleading of specifics," *id*.; rather, the standard established by *Twombly* requires that the plaintiff plead "only enough facts to state a claim to relief that is plausible on its face," *id*., rather than a claim that is merely "conceivable." *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

2. Rule 56

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based, in part, on the failure to exhaust administrative remedies. Rule 12(d) provides that, if the moving party presents and the Court relies on matters *outside* the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). Thus, the plain language of the rule requires that if the motion relies on outside materials that the Court considers, then the motion "must" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). With respect to defendant's argument that plaintiff failed to exhaust his administrative remedies, the parties submitted, and the undersigned has considered, evidence that is outside the pleadings. Thus, the Court will treat the motion to dismiss as one for summary judgment under Rule 56.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary

judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1). In accordance with Rule 56(e), the Sixth Circuit has held
10

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

"that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

B.  <u>Exhaustion of Administration Remedies</u>

In its motion, defendant argues that plaintiff did not exhaust his administrative remedies as required under the ADEA, with respect to his claims of age discrimination and retaliation. Thus, according to defendant, those claims should be dismissed. Plaintiff claims that he suspected age discrimination but did not have any facts to support his claim at the time and also claims that defendant misled the investigator. Plaintiff also argues that the ADEA does not require a right to sue letter to be issued before a plaintiff can bring suit, so there is no

11

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

exhaustion requirement.

Exhaustion is also required under the ADEA. See Oscar Mayer & Co. v. Evans, 441 U.S. 750, 753 (1979); Allen v. Highlands Hosp. Corp., 545 F.3d 387, 401 (6th Cir.2008) (administrative exhaustion is a statutory prerequisite to maintaining claims brought under the ADEA). To exhaust, some notice of the claim to the EEOC must be evident. In *Jones v. City of Franklin*, 309 Fed.Appx. 938, 943 (6th Cir. 2009), the Court rejected the plaintiffs' claim that they had exhausted their claim of a racially hostile work environment, despite the claim that they "verbally" notified EEOC officials of this claim:

> The plaintiffs argue that they provided sufficient notice to the EEOC to satisfy the administrative-exhaustion requirement. But each of the plaintiffs' written filings with the EEOC focused on discrete acts of discrimination, such as the reduction of evaluation scores and the failure of the City to award promotions to the plaintiffs. Only one racist comment was mentioned-the "rug head" remark-and that comment was directly tied to the failure to promote one of the plaintiffs' black colleagues. The plaintiffs claim to have verbally notified EEOC officials about other facts that support their hostile-work-environment claim, but the record contains no evidence beyond bald, nonspecific assertions that they did so.

In rejecting the plaintiffs' claimed exhaustion, the Court pointed out that "[n]o decision in [the Sixth Circuit] has held that EEOC charges regarding discrete acts of discrimination are alone sufficient to put the EEOC on notice of a

hostile-work-environment claim. Several unpublished decisions of this court have in fact held to the contrary." *Id.* at 943, citing, *Brown v. City of Cleveland*, 294 Fed.Appx. 226, 234-35 (6th Cir. 2008); *Scott v. Eastman Chem. Co.*, 275 Fed.Appx. 466, 475 (6th Cir. 2008); *see also Clark v. Hoops, LP*, — F.Supp.2d —, 2010 WL 1417744, *4-5 (W.D. Tenn. 2010) ("The Court finds that Plaintiff's administrative filings would not have prompted the EEOC to investigate a racially hostile work environment at Hoops. Plaintiff has therefore not exhausted his administrative remedies as to his hostile work environment claim."). This same analysis applies to ADEA claims. *See e.g.*, *Reddy v. JPMorgan Chase Bank, N.A.*, 2010 WL 3447629, *7 (S.D. Ohio 2010) (The plaintiff's failure to allege a violation of ADEA in either the EEOC charge required a dismissal of the ADEA charge for failure to exhaust administrative remedies.).

In this case, plaintiff checked the boxes for sex discrimination and retaliation on his EEOC Charge of Discrimination. (Dkt. 28, Ex. 1). He did not check the box indicating he had an age discrimination and retaliation claim under the ADEA. Plaintiff's charge of discrimination reads as follows:

> I began my employment with the above named employer on August 23, 1999 as a Security Manager and currently I work in the capacity of a Security Officer. During the month of August 2008, I was removed from my assignment as a Plain Clothes Officer back to the position of a Uniform Officer. I asked for any and all reasons for this reassignment and was offered no reasoning for the

13

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

> change. Although, this was not a demotion, the position
> of Plain Clothes Officer was one which allows an
> employee to move to the next higher position. I
> complained about discriminatory practices and was
> threatened in a room surrounded by supervisors and
> managers. My complaint was never addressed. On
> September 3, 2008 I was given a two day suspension for
> attendance issues and following this suspension I was
> constructively discharged my employment. Other female
> officers are not treated in the same manner. I believe I
> have been discriminated against by being removed from
> my assignment, harassed, demoted, and disciplined in
> retaliation for complaining of discriminatory practices of
> my employer in violation of Title VII of the Civil Rights
> Act of 1964, as amended.

(Dkt. 28, Ex. 1). The EEOC issued plaintiff a right to sue letter and dismissed the charge. (Dkt. 28, Ex. 2). The EEOC investigator also sent plaintiff a letter outlining the reasons why the agency concluded that neither gender nor retaliation was a factor in employment decisions Motor City made about plaintiff. (Dkt. 28, Ex. 7). The EEOC's letter contains no reference to any facts or allegations uncovered in its investigation suggesting that plaintiff was pursuing a claim under the ADEA, under either a discrimination or retaliation theory. *Id.* The undersigned is not persuaded by plaintiff's unsupported allegation that defendant "misled" the investigators, particularly in light of plaintiff's admission that he was aware of the facts supporting his ADEA claim before he filed his EEOC charge. Based on the foregoing, defendant should be granted summary judgment on plaintiff's ADEA claim, and any retaliation claim related to his ADEA claim

14

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

because plaintiff has failed to create a genuine issue of material fact that he failed to exhaust these claims.

C. Failure to State a Claim Under Rule 12(b)(6)

1. Title VII gender discrimination

Plaintiff's complaints are remarkably similar to the complaint dismissed in *Williams v. United Steelworks of America, AFL-CIO*, 2010 WL 909883 (S.D. Ohio 2010), which contained the following facts relevant to the Title VII claim:

> Williams alleges that he was fifty-five years old when he was terminated and that he is "Black." Williams alleges that Local 7697 made an initial determination to arbitrate his grievance as meritorious, but then withdrew his grievance as non-meritorious more than two years later on April 13, 2009. Williams also alleges that Local 7697 did not respond to numerous requests for information about the status of his grievance nor to his request for a written notification of the withdrawal of the grievance. The only other allegation in the Amended Complaint concerning the grievance and arbitration is Williams' assertion that the processes "appear[ ] to be a vain act since [Steelcraft] and [Local 7697] only hear approximately two (2) Arbitrations per year and as of the date of his [unemployment compensation] hearing of December 19, 2006, there was [sic ] over 150 grievances pending." (Internal docket citations omitted).

The *Williams* court found that these factual allegations were not "enough to raise a right to relief" for race or age discrimination against the defendant "above the speculative level." *Id*. at *5, quoting, *Twombly*, 550 U.S. at 555. The court found it particularly significant that the plaintiff pleaded "no facts from which the Court
Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108
15

can infer that [the defendant's] conduct was motivated by race- or age-animus." *Id*. For example, the plaintiff did not allege that the defendant treated similarly-situated non-Black employees who had pending grievances more favorably than the plaintiff was treated and he did not allege that any of the union officials made discriminatory statements. *Id.* Rather, much like plaintiff's complaint in this case, the *Williams* plaintiff merely asserted in conclusory fashion that "younger workers are treated more favorably..." *Id.*

The undersigned agrees with the *Williams* court's analysis that such an allegation is an insufficient "formulaic recitation of the element[ ] of a cause of action." *Twombly*, 550 U.S. at 555. Remarkably absent from plaintiff's rather detailed recitation of the facts underpinning his complaint, are any allegations connecting the event he complains about to any sex discrimination, the differential treatment of similarly situated women in the workplace by defendant, or any gender-based discriminatory comments made by defendant's employees. Like the plaintiff in *Williams*, the plaintiff here simply "did not plead any facts to support this conclusory allegation or explain in what manner [female] workers were treated more favorably." *Id*., citing, *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 785-86 (6th Cir. 2007) (affirming a district court decision that "the Workers failed to state a claim because, 'although they allege that they were replaced, [they] do not allege facts necessary to support the factual allegation that they were

16

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

replaced with younger workers.'"). Poor, or even unfair, treatment by an employer does not necessarily equate to discriminatory treatment that violates Title VII. Without sufficient factual allegations that tie the events described in plaintiff's complaint to discrimination based on sex, he has failed to state a claim on which relief can be granted under Title VII. Thus, the undersigned concludes that plaintiff's Title VII claim for sex discrimination should be dismissed.

        2.     Title VII retaliation

Title VII prohibits retaliation against an employee for engaging in protected activity, which consists of opposing a discriminatory practice, making a charge of discrimination or assisting in an investigation of wrongful activity. *Thompson v. North American Stainless, LP*, 567 F.3d 804 (6th Cir. 2009). The undersigned concludes that plaintiff's complaints do not allege any facts to establish that he opposed conduct that violated Title VII, made a charge of discrimination, or assisted in an investigation. Rather, plaintiff alleges in the second amended complaint that he complained to the Vice President of Human Resources at Motor City about his belief that he had been assigned from plain clothes duty to uniformed duty because of his union activity. (Dkt. 28, Ex. 5). This is not protected activity under Title VII. He also claims that he was "verbally abused in a degrading way by the wardrobe manager Joyce in retaliation of me not allowing her employee Denise to leave with stockings that belong (sic) to the casino on

17

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

8-9-08 11 P.M. without the proper manager signature." *Id*. Nothing in these allegations suggests, however, that plaintiff engaged in protected activity under Title VII.

Moreover, the filing of the EEOC charge under the circumstances of this case, could not constitute protected activity because plaintiff filed the charge on December 22, 2008, *after* he resigned in September, 2008. Thus, it is impossible for plaintiff to demonstrate a causal connection between his filing of the charge and any adverse employment action. Finally, while plaintiff complains about the two-day suspension he received in September, 2008, he does not allege any facts to link the suspension to any protected activity. Based on the foregoing, plaintiff's Title VII retaliation claim should likewise be dismissed.

    4.    State law claims

Plaintiff has also raised the state law claims of breach of contract and defamation. The undersigned suggests that this Court decline to exercise supplemental jurisdiction over such state law claims given the recommendation that all federal claims against defendant should be dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ( "[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state

18

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108

law claims.").

Given the foregoing conclusions, the other arguments raised by defendant need not be addressed.

IV. **RECOMMENDATION**

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion for judgment on the pleadings and for summary judgment be **GRANTED**, that plaintiff's federal claims be **DISMISSED** with prejudice, and that plaintiff's state law claims be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: October 5, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on October 5, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Anne Bagno Widlak</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Glenn Childs, 16044 Liberal, Detroit, MI 48205</u>.

                                                                        s/Tammy Hallwood
                                                                         Case Manager
                                                                         (810) 341-7887
                                                                         tammy_hallwood@mied.uscourts.gov

20

Report and Recommendation
Motion for Judgment on the Pleadings/Summary Judgment
*Childs v. Motor City*; Case No. 09-13108