UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN CHILDS,

        Plaintiff,                      Case No. 09-13108 &
                                                  10-13458
v.                                                      Honorable David M. Lawson
                                                     Magistrate Judge Michael J. Hluchaniuk

MOTOR CITY CASINO HOTEL,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND DISMISSING CASE

The matter is before the Court on objections to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that the defendant's motion for judgment on the pleadings, construed in part as a motion for summary judgment, be granted. The plaintiff commenced this action by filing a *pro se* complaint alleging employment discrimination on the basis of gender. In a second amended complaint, that was followed by an addendum, he expanded his federal claims to include age discrimination, retaliation, and hostile work environment. He also added some state law claims. The plaintiff was employed as a security officer with the defendant since 1999, and he alleges that he was "constructively discharged" in August 2008. The Court entered an order referring the case to the magistrate judge to conduct all pretrial matters. Thereafter, the defendant filed its motion for judgment on the pleadings or alternatively for summary judgment. Judge Hluchaniuk filed his report on October 5, 2010. The plaintiff timely filed an objection and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge's conclusions are correct. Therefore, the Court will overrule the objections, adopt the report

and recommendation, grant the defendant's motion to for summary judgment, dismiss the federal claims with prejudice, and dismiss the state law claims without prejudice.

The plaintiff also filed a second case against this defendant, given case number 10-13458, in which he alleged that the defendant cancelled his health care benefits in violation of the Equal Pay Act. The two cases were consolidated, and the defendant filed another motion for judgment on the pleadings to address the new complaint. The defendant filed an answer to the motion. The Court has reviewed the motion papers and finds that the relevant law and facts have been set forth and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The Court concludes that the second complaint does not state a proper claim and likewise must be dismissed.

I.

The plaintiff was hired by Motor City Casino in August 1999 as a security manager. During his tenure there, the plaintiff worked as a uniform and plain clothes security officer. One of his main points of contention arose from a transfer from plain clothes back to uniform status in August 2008, causing the plaintiff to complain to management. He was suspended for two days in September 2008 ostensibly for attendance policy violations and resigned later that month.

The plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on December 22, 2008 in which he alleged he had been discriminated against based on his gender in violation of Title VII of the Civil Rights Act of 1964 and retaliated against for complaining of the Title VII violations. The EEOC dismissed the charge and issued a right-to-sue letter on May 6, 2009.

On August 6, 2009, the plaintiff filed his *pro se* complaint in this Court alleging discrimination based on gender and constructive discharge. The magistrate judge granted the plaintiff's two requests to amend the complaint. In his first amended complaint, the plaintiff added a claim for breach of contract to his sex discrimination and retaliation claims. In the plaintiff's second amended complaint and a later filing entitled "Errata Correction 2nd Amended Complaint," the plaintiff for the first time alleged age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA). He also included a claim for defamation.

The defendant answered the latest complaint and moved for judgment on the pleadings, arguing that the plaintiff should not be permitted to proceed with his claims under the ADEA because he failed to exhaust his administrative remedies prior to filing this lawsuit. The defendant argued that the plaintiff has failed to state a *prima facie* claim of sex discrimination under Title VII of the Civil Rights Act of 1964 because the plaintiff's pleadings are insufficient as a matter of law to state a plausible claim for sex discrimination under federal law. Finally, on the retaliation claim, the defendant contended that the plaintiff failed to plead plausible allegations that he engaged in protected activity as a matter of law or that he suffered adverse employment action as a result.

The magistrate judge applied the summary judgment standard to the motion because the defendant referred to matters outside the pleadings. He found that the plaintiff failed to mention age discrimination in his EEOC filings, and therefore the failure to exhaust administrative remedies precluded the pursuit in this Court of his ADEA discrimination claim and any retaliation claim based on a violation of the ADEA. The sex discrimination claim was deficient, he said, because the plaintiff's papers did not include any allegations that similarly-situated women were treated differently in the workplace or gender-based discriminatory remarks. Certainly, the plaintiff

-3-

complained about his treatment at the hands of his employer, but he did not connect that treatment to any sex discrimination. The magistrate judge concluded that the retaliation claims failed because the complaints did not allege that the plaintiff opposed conduct that violated Title VII, made a charge of discrimination, or assisted in an investigation. Nor did the plaintiff's allegations that he was verbally abused in retaliation for not allowing an employee to leave with casino property suggest that the plaintiff engaged in protected activity. Moreover, filing the EEOC charge could not have constituted protected activity because it was filed after the plaintiff voluntarily resigned. Finally, the magistrate judge recommended that because the federal claims should be dismissed, the Court should not continue to entertain the state law claims.

The plaintiff filed timely objections to the magistrate judge's report and recommendation, but the objections do not address the substance of the report. Instead, the plaintiff alleges that procedural irregularities and misconduct of the magistrate judge and the defense lawyer require rejection of the report and recommendation. The plaintiff contends that certain unspecified court papers lack a proper electronic signature and there is no court seal on the report. Next, the plaintiff alleges that the recitation of the procedural history is inaccurate. He contends that his original complaint stated a proper claim for constructive discharge, and he was manipulated into filing amendments by defense counsel and the magistrate judge during teleconferences with the court. The plaintiff also accuses the magistrate judge of raising legal arguments and citing authority that the defendant never brought forth. He believes that the motion to dismiss was unfair to a *pro se* litigant and was filed so that defense counsel could multiply litigation costs. Finally, he accuses the magistrate judge and defense counsel of unethical conduct.

II.

A.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). As mentioned above, the plaintiff's objections do not address the substance of the magistrate's report or take issue with its legal pronouncements.

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). To plead a case under the current

regime, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)).

The magistrate judge identified valid reasons why the plaintiff cannot proceed on his complaints. None of the iterations pleaded proper or cognizable discrimination or retaliation claims. The age discrimination claim was not presented to the EEOC. Under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, an individual must first file a charge of discrimination with the EEOC as a statutory prerequisite to filing a civil action. 29 U.S.C. § 626(d). Although the failure to exhaust the administrative remedy does not deprive the district court of subject matter jurisdiction, *see Spengler v. Worthington Cyclinders*, 615 F.3d 481, 489-90 (6th Cir. 2010), "administrative exhaustion is still a statutory prerequisite to maintaining claims brought under the ADEA . . . ." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008). The magistrate judge correctly found that the plaintiff did not check the box on his EEOC charge form indicating that he alleged age discrimination, his statement to the EEOC did not suggest a complaint based on age discrimination, and the statement did not suggest such a ground for investigation by the EEOC. "The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). In this case, the plaintiff's statement was not "sufficiently precise to identify the parties, and to

describe generally the action or practices complained of." *Ibid.* (quoting 29 C.F.R. § 1601.12(b), 63 FR 36128).

The magistrate judge correctly found that none of the complaints pleaded gender discrimination. To sustain such a claim, the plaintiff must set forth plausible allegations that he suffered an adverse employment action, and that his an employer's decision was the product of intentional discrimination. *Sybrandt v. Home Depot*, 560 F.3d 553, 557 (6th Cir. 2009). Here, the plaintiff focuses on his original allegations of constructive discharge. Of course, it is undisputed that the plaintiff was not fired but rather that he resigned from employment. The magistrate judge did not base his recommendation on a lack of adverse action. Indeed, a constructive discharge can occur when "'an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation or, stated differently, when working conditions become so difficult or unpleasant that a reasonable person in the employee's shoes would feel compelled to resign.'" *Walter v. Pride Ambulance Co.*, 683 F. Supp. 2d 580, 589 (W.D. Mich. 2010) (quoting *Vagts v. Perry Drug Stores, Inc.*, 204 Mich. App. 481, 487, 516 N.W.2d 102, 105 (1994) (per curiam)). Instead, the magistrate judge found that the plaintiff never set forth facts sufficient to state a claim that such adverse action was based on a discriminatory motive. After reviewing the plaintiff's suit papers, that conclusion is inescapable. His sole allegation that women were treated differently than he was amounts to nothing more than the "'formulaic recitation of the elements'" of a claim found inadequate by the Supreme Court in *Iqbal*. *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555); *see Williams v. United Steel Workers of America, AFL-CIO*, No. 09-743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010).

The Court also agrees with the magistrate judge that the plaintiff's retaliation claims were deficient. To plead a case of retaliation under Title VII, a plaintiff must state facts supporting that (1) he engaged in protected activity; (2) the employer knew about the activity; (3) the employer took action that was adverse to the employee; and (4) there was a causual connection between the protected activity and the adverse employment action. *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008). Here, the plaintiff has not submitted sufficient evidence supporting his contentions that he engaged in a protected activity as a matter or law or that he suffered adverse employment action following such activity.

In support of his claim, the plaintiff detailed his meeting with the vice president of the human resources department where he complained of his reassignment due to his union activity. He believed that he was verbally abused after not allowing an employee to leave the premises with casino property. There is no suggestion that any of this was protected activity, however. He did not file any complaint before being "constructively discharged"; he merely addressed his concerns to his superiors. Furthermore, the plaintiff's suspension resulted from his attendance lapses; he has not stated any facts to the contrary. Lastly, the plaintiff filed his EEOC charge months after he resigned in 2008, so no inference of a causal connection is even possible.

Finally, the magistrate judge appropriately recommended that the Court dismiss the state law claims without prejudice. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

B.

The plaintiff's second case was commenced with a complaint alleging a violation of the Equal Pay Act. Under that legislation, an employer is prohibited from "discriminat[ing] . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To plead a violation, a plaintiff must allege that (1) an employer paid different wages, (2) to employees of the opposite sex, (3) for substantially the same work. *Balmer v. HCA, Inc.*, 423 F.3d 606, 612 (6th Cir. 2005) (quoting *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997).

In the complaint in the second case, the plainitff alleges only that "[t]he employer violated the EPA statute when it cancel[l]ed my health benefits on September 1, 2008. This was a part of my wage scale thru [sic] the collective bargaining agreement. . . ." Compl. at 1. The compliant goes on to make other allegations relating to the plaintiff's medical treatment, but nowhere does it mention the type of work the plaintiff performed, female employees who performed similar work, or payment of unequal wages. The complaint fails to state a violation of the Equal Pay Act, and the defendant's motion for judgment on the pleadings of this case must be granted.

III.

The plaintiff has not provided sufficient reason to dispute the correctness of the magistrate judge's conclusions.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #34] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #35 are **OVERRULED**.

It is further **ORDERED** that the defendant's motions for judgment on the pleadings [dkt. #28, 39] are **GRANTED**.

It is further **ORDERED** that the plaintiff's claims under the ADEA, Title VII of the Civil Rights Act of 1964, and the Equal Pay Act are **DISMISSED WITH PREJUDICE**, and the claims based on breach of contract and defamation are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL